UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| PHH Mortgage Corporation, ) | C/A No. 2:12-2916-MBS-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| John G. Singletary, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court on the plaintiff's motion to remand. [Doc. 5.] John G. Singletary ("Singletary"), proceeding *pro se*, filed the within action together with a Notice of Removal of Case No. 09-CP-10-977, currently pending in the Charleston County, South Carolina Court of Common Pleas. In the state court action, Singletary, together with Carla Singletary, are named defendants, and PHH Mortgage Corporation ("PHH") is the plaintiff. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

### *Pro Se* Review–Filing Fee Paid

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented,

*Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted). The federal courts presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). The courts must strictly construe removal statutes, in particular, inasmuch as the removal of cases from state to federal court raises significant federalism concerns. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941) ("The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution."); *see also Healy v. Ratta*, 292 U.S. 263, 270 (1934) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."); *Maryland Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (noting the court's duty to construe removal jurisdiction strictly because of the significant federalism concerns implicated by removal). Doubts about the propriety of removal should be resolved in favor of remanding the case to state court.

*Dixon v. Coburg Dairy , Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc); *Hartley v. CSX Transp. Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

Section 1441(a) of Title 28 of the United States Code provides that "the defendant or the defendants" may seek to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *Id.* Section 1446 of Title 28 describes the appropriate removal procedure to invoke federal jurisdiction, including the need for "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* Although Singletary neglected to comply with this requirement, the Court has been able to access his Charleston County court proceedings via the state court's website.[1]  *See generally* http://jcmsweb.charlestoncounty.org/publicindex/PISearch.aspx (last visited Oct. 16, 2012).

Section 1446 also requires that the state court defendant seeking removal file the notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1).  This thirty-day window is designed to prevent "undue delay in removal and the concomitant waste of state judicial resources." *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 163 (4th Cir. 1997).

A review of the state court proceedings reveals that PHH filed its foreclosure complaint on February 19, 2009, and filed affidavits of service on February 26, 2009. The

---

[1]A federal court may take notice of proceedings in other courts if those proceedings have a direct relation to matters at issue.  *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (citing *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

state court scheduled a hearing on numerous occasions, the most recent to be held on October 10, 2012; Singletary filed his Notice of Removal on the same date.

Clearly, Singletary's Notice, filed over three years after PHH completed service, is untimely.  But objection to an untimely removal by a defendant, in certain circumstances, is a waivable defense when a federal district court otherwise would have subject-matter jurisdiction.  In other words, if the federal court has jurisdiction, based either on a federal question or diversity of citizenship, the state court plaintiff has only thirty days after the notice of removal is filed in which to file a motion to remand.  *See* 28 U.S.C. § 1447(c).  If the state court plaintiff does not file a motion to remand within such thirty-day period, it waives all procedural defects in the removal.[2]  *See In re Shell Oil Co.*, 932 F.2d 1523, 1527 & nn. 6–7 (5th Cir. 1991).  Of course, the plaintiff has objected to removal on precisely these grounds.

This Court, however, would additionally say some about its substantive jurisdiction.  Singletary bases this Court's jurisdiction on statutes 28 U.S.C. §§ 1331, 1332 and 1367.  He is precluded from relying on § 1331, federal question jurisdiction, as a foreclosure of real property is an action on the underlying note and mortgage, a contractual matter arising solely under state law.

---

[2] Both case law and statutory law, including § 1447(c), provide that it is not possible to confer subject-matter jurisdiction by estoppel, waiver or consent.  *See, e.g., Buchner v. FDIC*, 981 F.2d 816, 818 (5th Cir. 1993) ("Although parties may waive their rights to remove a case or to contest the removal procedure, they may neither confer subject matter jurisdiction on the district court nor strip it of such jurisdiction by agreement or waiver."). *Cf. Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 & n.15 (1981) (jurisdictional ruling cannot be made prospective only).  As a result, even if a state court plaintiff fails to object to a notice of removal within the thirty-day period, a federal district court must still remand the case to state court if there is neither federal question nor diversity jurisdiction.

4

Although Singletary may have been allowed to rely on § 1332, diversity jurisdiction,[3] this avenue for removal is specifically closed off to him: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Singletary is a citizen of South Carolina, the state in which PHH brought the foreclosure action. Because the Court cannot exercise either federal question or diversity jurisdiction, it plainly cannot exercise supplemental jurisdiction under § 1367. *See id.* § 1367(a) (providing for supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"). In other words, even were his removal timely, no jurisdiction lies in this Court for his case.

As a final note, the law is unclear whether an order or a Report and Recommendation should be entered in this case. *See Long v. Lockheed Missiles & Space Co.,* 783 F. Supp. 249 (D.S.C. 1992). Most case law subsequent to *Long v. Lockheed Missiles* has indicated that the undersigned may enter an order of remand. *See, e.g., Vaquillas Ranch Co. v. Texaco Exploration & Prod., Inc.*, 844 F. Supp. 1156, 1160–1163 (S.D. Tex. 1994); *see also City of Jackson v. Lakeland Lounge of Jackson, Inc.*, 147 F.R.D. 122, 124 (S.D. Miss. 1993) ("This Court joins that group of courts which hold that a motion to remand is nondispositive and can be determined by a magistrate judge by final order."). In *Unauthorized Practice of Law Comm. v. Gordon*, 979 F.2d 11, 12–13 (1st Cir. 1992), the

---

[3]District courts have original jurisdiction of all civil actions where the matter in controversy (i) exceeds the sum or value of $75,000, and (ii) is between citizens of different States. 28 U.S.C. § 1332(a). Singletary alleges that PHH is a New Jersey corporation.

5

court noted the existence of conflicting authorities, including *Giangola v. Walt Disney World Co.*, 753 F. Supp. 148 (D.N.J. 1990), and *Long v. Lockheed Missiles*, *supra*, but declined to resolve the issue:

> It is evident that the magistrate and the district court judge in the instant case treated the motion to remand as a nondispositive matter within the authority of the magistrate to determine by final order. While we note the existing and conflicting caselaw on this issue, we need not enter the fray at this time for we conclude that, in any event, we lack jurisdiction over this appeal.

*Unauthorized Practice of Law Comm.*, 979 F.2d at 13; *see also Jonas v. Unisun Ins.*, No. 00-1217, 2000 WL 1350648, at *1 (4th Cir. Sept. 20, 2000) ("[T]his court has not addressed whether a magistrate judge may issue an order of remand . . . ."). *But see, Wachovia Bank Nat'l Assoc'n v. Deutsche Bank Trust Co. Americas*, 397 F. Supp. 2d 698, 701–02 (W.D.N.C. 2005) (motion to remand is a non-case-dispositive matter under 28 U.S.C. § 636(b)(1)(A); magistrate judge has authority to enter final order remanding case to state court). Even so, in an abundance of caution, the undersigned is entering a Report and Recommendation.

<u>Recommendation</u>

Therefore, it is RECOMMENDED that Case No. 09-CP-10-977 be remanded to the Court of Common Pleas for Charleston County. If either party in the case seeks to file objections to this Report, the Office of the Clerk of Court shall forward this matter to the assigned United States District Judge. *See* Fed. R. Civ. P. 72(a).

s/Bruce Howe Hendricks<br>United States Magistrate Judge

December 7, 2012
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).